# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF

| | | |
|---|---|---|
| In re: | § § | |
| ABBOUD, JAWDAT | § § | Case No. 12-05371 |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter ____ of the United States Bankruptcy Code was filed on ____. The undersigned trustee was appointed on ____.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                $

   Funds were disbursed in the following amounts:

   Payments made under an interim disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]                $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7. The Trustee's proposed distribution is attached as **Exhibit D**.

     8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____[2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____ By:/s/GINA B. KROL_____
                                                       Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**

Case 12-05371 INDIVIDUAL ESTATE PROPERTY RECORD AND Doc 53 Filed 10/28/13 Entered 10/28/13 10:29:00 Desc Main
ASSET CASES Document Page 3 of 10

Page: 1

| Case No: | 12-05371 | DRC | Judge: Donald R. Cassling | Trustee Name: | GINA B. KROL | Exhibit A |
|---|---|---|---|---|---|---|
| Case Name: | ABBOUD, JAWDAT | | | Date Filed (f) or Converted (c): | 02/15/12 (f) | |
| | | | | 341(a) Meeting Date: | 04/17/12 | |
| For Period Ending: 10/28/13 | | | | Claims Bar Date: | 01/09/13 | |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 411 SUFFOLK LANE OAK BROOK, ILLINOIS 60523 | 839,900.00 | 0.00 | | 0.00 | FA |
| 2. 53 DINEFF ROAD LEMONT, ILLNOIS 60439 | 300,000.00 | 0.00 | | 0.00 | FA |
| 3. FINANCIAL ACCOUNTS | 370.00 | 0.00 | | 0.00 | FA |
| 4. HOUSEHOLD GOODS | 1,000.00 | 0.00 | | 0.00 | FA |
| 5. BOOKS / COLLECTIBLES | 500.00 | 0.00 | | 0.00 | FA |
| 6. WEARING APPAREL | 300.00 | 0.00 | | 0.00 | FA |
| 7. FURS AND JEWELRY | 20.00 | 0.00 | | 0.00 | FA |
| 8. INSURANCE POLICIES | 0.00 | 0.00 | | 0.00 | FA |
| 9. STOCK | 1.00 | 0.00 | | 0.00 | FA |
| 10. STOCK | 1.00 | 0.00 | | 0.00 | FA |
| 11. LIQUIDATED CLAIMS | 0.00 | 0.00 | | 0.00 | FA |
| 12. CONTINGENT CLAIMS | Unknown | 35,000.00 | | 50,000.00 | FA |
| 13. CONTINGENT CLAIMS | 0.00 | 0.00 | | 0.00 | FA |
| 14. VEHICLES | 14,115.75 | 0.00 | | 0.00 | FA |
| 15. VEHICLES | 14,074.50 | 0.00 | | 0.00 | FA |
| 16. OFFICE EQUIPMENT | 200.00 | 0.00 | | 0.00 | FA |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values) $1,170,482.25 $35,000.00 $50,000.00 $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Trustee has submitted her TFR to UST for review
October 16, 2013, 04:55 pm

Initial Projected Date of Final Report (TFR): 12/31/14     Current Projected Date of Final Report (TFR): 12/31/14

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

LFORM1

Ver: 17.03a

**FORM 1**

INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

ASSET CASES

Page: 2

Exhibit A

| | | | |
|---|---|---|---|
| Case No: | 12-05371   DRC   Judge: Donald R. Cassling | Trustee Name: | GINA B. KROL |
| Case Name: | ABBOUD, JAWDAT | Date Filed (f) or Converted (c): | 02/15/12 (f) |
| | | 341(a) Meeting Date: | 04/17/12 |
| | | Claims Bar Date: | 01/09/13 |

/s/    GINA B. KROL

_____    Date: _____
    GINA B. KROL

## ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| Case No: | 12-05371 -DRC | | Trustee Name: | GINA B. KROL |
| --- | --- | --- | --- | --- |
| Case Name: | ABBOUD, JAWDAT | | Bank Name: | ASSOCIATED BANK |
| | | | Account Number / CD #: | *******0634 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******8345 | | | |
| For Period Ending: | 10/28/13 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| | Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | 12/10/12 | 12 | American Family Insurance<br>Madison, WI | | 1142-000 | 50,000.00 | | 50,000.00 |
| | 12/27/12 | 030001 | Mitchell S. Lipkin<br>222 N. LaSalle Street<br>Suite 2100<br>Chicago, IL 60601 | Special Counsel Fees per Order | 3210-600 | | 16,666.66 | 33,333.34 |
| | 12/27/12 | 030002 | Mitchell S. Lipkin<br>222 N. LaSalle St.<br>Suite 2100<br>Chicago, IL 60601 | Attorney Expenses per Order | 3220-610 | | 491.00 | 32,842.34 |
| | 12/27/12 | 030003 | Preferred Open MRI | Medical Lien | 4220-000 | | 2,100.00 | 30,742.34 |
| | 12/27/12 | 030004 | Dr. Mohammad Alzein | Medical Lien | 4220-000 | | 2,025.00 | 28,717.34 |
| | 12/27/12 | 030005 | Jawdat Abboud<br>411 Suffolk Lane<br>Oak Brook, IL 60523 | Personal Injury Exemption | 8100-000 | | 15,000.00 | 13,717.34 |
| | 01/10/13 | | Associated Bank | Overdraft Fee | 2600-000 | | 35.00 | 13,682.34 |
| | 01/15/13 | | Associated Bank | Bank Technology Fee for 12/12 | 2600-000 | | 12.00 | 13,670.34 |
| * | 02/06/13 | | Associated Bank | Bank Technology Fee | 2600-003 | 12.00 | | 13,682.34 |
| * | 02/06/13 | | Reverses Adjustment IN on 02/06/13 | Bank Technology Fee | 2600-003 | -12.00 | | 13,670.34 |
| | 02/13/13 | 030006 | International Sureties Ltd.<br>Suite 420<br>701 Poydras St.<br>New Orleans, LA 70139 | BOND<br>BOND | 2300-000 | | 11.83 | 13,658.51 |
| | 02/13/13 | | Associated Bank | Bank Technology Fee for 1/13 | 2600-000 | | 22.78 | 13,635.73 |
| | 02/27/13 | | Associated Bank | Bank Technology Fee for 2/13 | 2600-000 | | 22.22 | 13,613.51 |
| | 03/07/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 18.31 | 13,595.20 |
| | 04/05/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 20.21 | 13,574.99 |
| | 05/07/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 19.53 | 13,555.46 |
| | 06/07/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 20.15 | 13,535.31 |
| | 07/08/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 19.47 | 13,515.84 |
| | 08/07/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 20.10 | 13,495.74 |
| | 09/09/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 20.06 | 13,475.68 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*

Page Subtotals     50,000.00     36,524.32

Ver: 17.03a

LFORM24

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| Case No: | 12-05371 -DRC | | Trustee Name: | GINA B. KROL |
| --- | --- | --- | --- | --- |
| Case Name: | ABBOUD, JAWDAT | | Bank Name: | ASSOCIATED BANK |
| | | | Account Number / CD #: | *******0634 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******8345 | | | |
| For Period Ending: | 10/28/13 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1<br>Transaction<br>Date | 2<br>Check or<br>Reference | 3<br>Paid To / Received From | 4<br>Description Of Transaction | Uniform<br>Tran. Code | 5<br>Deposits ($) | 6<br>Disbursements ($) | 7<br>Account / CD<br>Balance ($) |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | COLUMN TOTALS | | 50,000.00 | 36,524.32 | 13,475.68 |
| | | | Less: Bank Transfers/CD's | | 0.00 | 0.00 | |
| | | | Subtotal | | 50,000.00 | 36,524.32 | |
| | | | Less: Payments to Debtors | | | 15,000.00 | |
| | | | Net | | 50,000.00 | 21,524.32 | |
| | | | | | | NET | ACCOUNT |
| | | | TOTAL - ALL ACCOUNTS | | NET DEPOSITS | DISBURSEMENTS | BALANCE |
| | | | Checking Account (Non-Interest Earn - ********0634 | | 50,000.00 | 21,524.32 | 13,475.68 |
| | | | | | ----------------------- | ----------------------- | ----------------------- |
| | | | | | 50,000.00 | 21,524.32 | 13,475.68 |
| | | | | | ============ | ============ | ============ |
| | | | | | (Excludes Account<br>Transfers) | (Excludes Payments<br>To Debtors) | Total Funds<br>On Hand |

/s/ GINA B. KROL

Trustee's Signature: _____ Date: 10/28/13
GINA B. KROL

**UST Form 101-7-TFR (5/1/2011)** *(Page: 6)*

Page Subtotals 0.00 0.00

Ver: 17.03a

LFORM24

**TRUSTEE'S PROPOSED DISTRIBUTION**

Exhibit D

Case No.: 12-05371
Case Name: ABBOUD, JAWDAT
Trustee Name: GINA B. KROL

  Balance on hand               $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: GINA B. KROL | $ | $ | $ |
| Attorney for Trustee Fees: Cohen & Krol | $ | $ | $ |
| Other: International Sureties Ltd. | $ | $ | $ |
| Other: Cohen & Krol | $ | $ | $ |

  Total to be paid for chapter 7 administrative expenses    $_____
  Remaining Balance              $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $    must be paid in advance of any dividend to general (unsecured) creditors.

  Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000004A | Illinois Department of Revenue<br>Po Box 64338<br>Chicago, IL 60664-0338 | $ | $ | $ |

    Total to be paid to priority creditors      $_____

    Remaining Balance      $_____

    The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

    Timely claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be \_\_\_\_\_ percent, plus interest (if applicable).

    Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Yellowbook, Inc<br>F/k/a Yellow Book Sales and Distribution<br>Teller, Levit & Silvertrust, PC<br>19 S LaSalle St Ste 701<br>Chicago, IL 60603 | $ | $ | $ |
| 000002 | US Bancorp Equipment Finance Group<br>c/o Thomas V. Askounis<br>ASKOUNIS & DARCY, PC<br>401 N Michigan Ave Ste 550<br>Chicago, IL 60611 | $ | $ | $ |
| 000003 | Discover Bank<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH 43054-3025 | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000005 | American Express Bank, FSB<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | $ | $ | $ |
| 000006 | M & T BANK<br>1100 WEHRLE DRIVE<br>WILLIAMSVILLE, NY 14221 | $ | $ | $ |

Total to be paid to timely general unsecured creditors        $_____

Remaining Balance        $_____

Tardily filed claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000004B | Illinois Department of Revenue<br>Po Box 64338<br>Chicago, IL 60664-0338 | $ | $ | $ |

Total to be paid to subordinated unsecured creditors $_____

Remaining Balance $_____